GLD-028                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3557
_____

UNITED STATES OF AMERICA

v.

TINA FAKE,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1-05-cr-00426)
District Judge:  Hon. William W. Caldwell
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, Circuit Judges

(Opinion filed:  November 17, 2011)
_____

OPINION
_____

PER CURIAM

        Tina Fake was sentenced to 136 months of imprisonment after she pleaded guilty

in April 2006 to one count of "health care fraud resulting in serious bodily injury" and

one count of criminal forfeiture.  Instead of taking a direct appeal, Fake filed a collateral

attack motion under 28 U.S.C. § 2255. The District Court denied the motion on May 8, 2008, and we denied Fake's request for a certificate of appealability. See United States v. Fake, C.A. No. 08-2789 (3d Cir. Dec. 5, 2008).

On July 22, 2011, Fake filed a self-styled application for a "writ of error coram vobis." Fake contended in that application that she was "'denied' her 5th , 6th, [and] 14th Amendment[ rights], where the prosecution set forth 'materially false facts' by a deliberate deception of the courts by the presentation of known false evidence which is incompatible with rudimentary demands of justice."

By order entered August 25, 2011, the District Court denied Fake's application. The District Court found it to be "nothing more than a second 28 U.S.C. § 2255 motion, but under a different name." The District Court explained to Fake that if she "wishes to file a successive § 2255 motion, she must seek leave to do so from the Third Circuit Court of Appeals." Fake filed a notice of appeal.[1]

We will summarily affirm the District Court's August 25, 2011 order because this appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Fake's application for a writ of error coram vobis was an impermissible successive collateral attack, and the District Court appropriately rejected it as such. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

We note for Fake's benefit that the presumptive means by which a federal prisoner can challenge the validity of her conviction or sentence is a motion pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In order to file

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

a second or successive § 2255 motion, Fake must apply for permission directly from this

Court and meet the gatekeeping standard set forth in 28 U.S.C. § 2255(h).